IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| KIMBERLY and JOHN STAPLES, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No._____ |
| H. WALKER ENTERPRISES, LLC; RENAISSANCE MAN FOOD SERVICES, LLC; and SIMMONS FOODS, INC., | ) TRIAL BY JURY REQUESTED. |
| Defendants. | ) |

## VERIFIED COMPLAINT FOR DAMAGES

Plaintiffs Kimberly and John Staples are husband and wife, residents and citizens of the State of Alabama residing at 5712 Rice Mine Road N.E., Tuscaloosa, Alabama 35406. Plaintiffs respectfully file this Complaint for compensatory and punitive damages, and other relief against H. Walker Enterprises, LLC; Renaissance Man Food Services, LLC; and Simmons Foods, Inc.

### INTRODUCTION

### PARTIES, JURISDICTION, VENUE AND FACTUAL ALLEGATIONS

1. Kimberly Staples (hereinafter "Mrs. Staples") is a 50% owner or member of an entity known as DSM Sales and Marketing, LLC (hereinafter "DSM"). DSM is a Delaware limited liability Company formed on September 23, 2016. Mrs. Staples' citizenship as an LLC member of DSM is the State of Alabama. As Exhibit 1 reflects DSM's principal place of business is 1701 Saint Andrews Drive Tuscaloosa, Alabama 35406 (the Staples' Residence address prior to the 5712 Rice Mine Road address). Since the time of DSM's formation on

1

September 23, 2016 Mrs. Staples has also been employed by DSM and has acted as the Manager for which she was paid compensation in the form of a salary in the amount of $84,000.00 yearly. Her salary is separate and distinct from her membership interest in the LLC. Under Alabama law she has an expected pecuniary interest in such membership interest, salary and agreement with DSM. Prior to the events of December 30, 2017 (discussed below with an effective date of January 30, 2018) DSM acted as a food broker for HWE and/or RMFS.

2. For the period September 23, 2016 until the time of the filing of this suit DSM had the following employees in the State of Alabama in addition to Mrs. Staples in her capacity and role as Manager: Christopher Thurber (Alabama address redacted per Court rules); Barbara Humphrey (Alabama address redacted per Court rules). During such time John Staples (hereinafter "Mr. Staples") served as a consultant to DSM and was paid a consulting fee or salary of $40,000.00. Under Alabama law Mr. Staples has an expected pecuniary interest in such agreement, arrangement, employment, and/or salary.

3. At all times material hereto Mrs. Staples, as Manager of DSM, conducted the financial transactions of DSM through an operating account with West Alabama Bank- an Alabama Bank with offices in Tuscaloosa, Alabama. Defendants transacted business with DSM and Mrs. Staples, in part, by and through West Alabama Bank. Defendants do and have conducted business in Alabama by the shipment of food products to Alabama sold by DSM, by soliciting distributors, purchasers, and customers in Alabama, and by engaging in other business transactions with other entities in Alabama. Defendant Simmons (referenced below) would transmit commission earnings payments for the account of DSM in such financial institution in the State of Alabama prior to ceasing such conduct as addressed further below.

4. As part of their employment with DSM, employees Thurber and Humphrey executed Employment Agreements in the State of Alabama. Exhibit 2 as redacted. Thurber and Humphrey were paid salaries which transactions occurred in the State of Alabama. Thurber and Humphrey were reimbursed for expenses which transactions occurred in the State of Alabama. As stated Mrs. Staples managed these events and was paid a salary by DSM in the State of Alabama for such management of the business operations of DSM. Such agreements protected DSM's "Trade Secrets", information, and contained non-solicitation and non-competition provisions.

5. H. Walker Enterprises, LLC (hereinafter "HWE") is a Delaware Limited Liability Company. The sole or single member of such entity is Herschel Walker (hereinafter "Walker"). Walker's state of citizenship for LLC purposes is Texas where he resides. The LLC is managed by Herschel Walker and Carol Walker (sister of Walker) at 22 E. Montgomery Crossroads, Savannah, Georgia 31406. This entity may be served with process at such address in the State of Georgia.

6. At all times referenced herein, Walker and/or Carol Walker were acting as agents, servants, and/or employees of HWE and/or RMFS as referenced below.

7. Renaissance Man Food Services, LLC (hereinafter "RMFS") is a subsidiary of H. Walker Enterprises, LLC (HWE). RMFS is solely owned by Walker and he is the sole member of RMFS. Carol Walker and/or Walker operate RMFS with its principal place of business located at 22 E. Montgomery Crossroads, Savannah, Georgia 31406. This entity may be served with process at such address in the State of Georgia.

8. Simmons Foods, Inc. (hereinafter "Simmons") is an Arkansas corporation with its principal place of business located at 601 N. Hico Street, Siloam Springs, AR 72761. This entity may be served with process at such address in the State of Arkansas.

9. Julie Blanchard (hereinafter "Blanchard") is the other 50% owner or member of DSM. Blanchard is the girlfriend and/or fiancé of Walker. Blanchard is also an agent, servant, and/or employee of H. Walker Enterprises, LLC (HWE). At all times material herein Blanchard acted as an agent, servant, and/or employee of HWE or member of DSM. As Co-Member of DSM Blanchard owed Mrs. Staples a Fiduciary Duty to act fairly and fulfill Mrs. Staples' prospective expectations to a proportionate share of the profits of DSM, prospective salary as Manager of DSM, and to be secure in in her livelihood through employment and benefits with DSM. Mrs. Staples has a protected right to her proportionate share of all prospective commissions to be paid to DSM by Simmons going forward and during the period of ongoing oppression being undertaken by Blanchard acting as agent, servant, employee, and/or member of HWE and/or DSM. Mrs. Staples hereinafter seeks the juridical creation of a constructive trust to hold in trust for her benefit during the period of oppression all such commissions.

10. Based upon information and belief, in 2007, Simmons, HWE, and/or RMFS entered into a business relationship among them. According to published statements made by Walker, the entities jointly own chicken processing plants or facilities in the State of Arkansas located in Siloam Springs, Arkansas the location or principal place of business of Simmons. Exhibit 3 as redacted.

11. Beginning in April 2009 and up to December 27, 2017 Mr. Staples was employed in a dual capacity with Simmons and RMFS. Mr. Staples was an employee of Simmons. He was paid by Simmons and was provided various employment benefits by Simmons. He also was

4

the General Manager of RMFS. As such Mr. Staples owed dual allegiance and loyalties to both Simmons and RMFS. Mr. Staples had the right to be secure in his livelihood through employment with Simmons and his corresponding benefits from such employment.

12. Based upon information and belief the business relationship between Simmons and HWE or RMFS provided for a profit and expense sharing agreement and an administrative fee paid by HWE or RMFS to Simmons concerning the sale of food products.

13. Despite the above agreement between Simmons and HWE/RMFS, in August 2017, HWE and/or RMFS begin selling waffle food products in an arrangement with Jet Food Stores of Georgia. Based upon information and belief and upon statements made by the Controller of Simmons, Ms. Carmen Seal, to Mr. Staples, (set out below) HWE and/or RMFS did not intend to share the profits with or incur an administrative fee of Simmons with Simmons related to such sales and arrangement as between HWE/RMFS and Jet Foods.

14. Despite the above agreement between Simmons and HWE/RMFS, in the Fall of 2017, the Simmons Controller Carmen Seal questioned Mr. Staples regarding whether or not Simmons was getting involved in the sale of waffle food items. The Controller stated to Mr. Staples that Carol Walker of HWE or RMFS had submitted expense invoices to Simmons for Simmons to pay to HWE/RMFS for expenses associated in the sale of the waffle food items concerning the HWE/RMFS arrangement with Jet Foods. Mr. Staples advised the Simmons Controller not to pay such expenses.

15. Because of Mr. Staples employment relationship with Simmons and his loyalty, in a meeting between Mr. Staples and the President of Simmons, David Jackson, on December 11, 2017, which Mr. Staples understood was confidential, Mr. Staples discussed with the Simmons' President the above facts related to the waffle food matter as well as other matters.

5

16. Despite being assured by the Simmons' President that such disclosures were confidential, based upon information and belief, the information was disclosed to Walker by the Simmons' President or other unknown agents, servants, and/or employees of Simmons. Such disclosure occurred on December 12, 2017 and prior to December 27, 2017.

17. On December 27, 2017 Walker, acting on behalf of HWE, RMFS, and in relationship with Blanchard, terminated Mr. Staples' employment with RMFS. Such termination was in retaliation for Mr. Staples' disclosure and discussions with Simmons when questioned by Simmons concerning the waffle food expenses which Carol Walker submitted to Simmons to be paid by Simmons.

18. Despite Mr. Staples being an employee of Simmons, based upon information and belief and at the direction of Walker, Simmons constructively terminated Mr. Staples by cutting off his Simmons' email account and requesting that he tender his Simmons' issued laptop computer to Simmons which he did on January 4, 2018. These events occurred in December 2017 and subsequent to December 27, 2017 when Walker terminated Mr. Staples as GM of RMFS.

19. At the same time that Walker retaliated against Mr. Staples, Walker and Blanchard, acting in their capacities as agents, servants, employees and/or member of HWE, RMFS, and/or DSM sought to "force" Mrs. Staples to give up her 50% membership interest in DSM to Blanchard for the price of $10.00. In order to "force" Mrs. Staples' compliance HWE and/or RMFS "temporarily suspended" the broker agreement between RMFS and DSM until such time as Blanchard could acquire 100% ownership and complete control of DSM.

20. When Mrs. Staples refused, Walker and/or Blanchard acting in their capacities and relationship between one another as agents, servants, employees and/or member of DSM

began to oppress Mrs. Staples in the following ways: (1) the broker agreement between RMFS and DSM was not temporarily suspended but terminated Exhibit 4; (2) the commissions due and owed from Simmons to DSM were withheld by Simmons at the direction and request of HWE or RMFS or Blanchard Exhibit 5; (3) RMFS sought to poach the Alabama DSM employees Thurber and Humphrey Exhibit 6; (4) RMFS poached Humphrey and caused Humphrey to breach her employment agreement with DSM in the State of Alabama and acquire for the benefit of HWE and/or RMFS DSM's "Trade Secrets" Exhibit 7; (5) Humphrey was instructed to retain possession of her DSM issued property (computer), food show equipment, and supplies by HWE, RMFS, or Blanchard and has used such property of DSM in violation of her Alabama Employment Contract/Agreement Exhibit 7; (6) HWE and/or RMFS have interfered with DSM's ongoing operations and attempts by DSM to acquire other broker agreements with other entities; (7) by refusing to allow the processing and payment of payroll for Mrs. Staples and DSM employee Thurber Exhibit 8; and/or (8) otherwise seeking to shut down the operations of DSM thereby individually damaging Mr. and Mrs. Staples interest and expectations protected under Alabama law Exhibit 9.

21. This Court has subject matter jurisdiction over Mr. and Mrs. Staples' claims pursuant to 28 U.S.C. Section 1332 (diversity). This Court has supplemental jurisdiction over Mr. and Mrs. Staples' state law causes of action under 28 U.S.C. Section 1367.

22. The amount in controversy between Mr. and Mrs. Staples and each of the Defendants exceed $75,000.00. The claims of Mr. and Mrs. Staples are so integrated and tied together by Defendants' combination and conspiracy to harm Mr. and Mrs. Staples that the relief requested against the Defendants is single in nature. Therefore, if necessary, Defendants'

liability may be aggregated for the purposes of satisfying the jurisdictional minimum set forth in 28 U.S.C. Section 1332.

23.    Venue is proper in the Northern District of Alabama, Western Division, pursuant to 28 U.S.C. Section 1391 because the acts giving rise to liability occurred in the counties located in the Western Division of the Northern District of Alabama.

## CAUSES OF ACTION

## COUNT ONE

(Against HWE and/or RMFS)

Interference with Business Relationship of Mr. Staples and Simmons

24.    Mr. and Mrs. Staples hereby incorporate the foregoing paragraphs 1-23 as if fully set forth herein.

25.    Mr. Staples employment relationship with Simmons was such that he owed a duty of loyalty to honestly reply to Simmons' inquiries related to the request for information concerning the attempts by HWE and/or RMFS, by and through their agent, servant, and/or employee Carol Walker, to submit to Simmons for payment expenses for the sale and promotion of food products of which HWE and/or RMFS did not intend to share the revenue, profits, or administrative fee with Simmons. Mr. Staples' relationship with Simmons was a constructive right and concerned his pursuit of his trade, profession, and/or business.

26.    When asked by agents, servants, and employees of Simmons concerning these events, Mr. Staples replied honestly and was told by Simmons that such information would be held in confidence.

8

27. Despite the cloak of confidentiality, Simmons, by and through its agents, servants, and/or employees disclosed and shared the information with Walker.

28. Walker as owner, agent, servant, and/or employee of HWE and/or RMFS knew of Mr. Staples business relationship and employment with Simmons.

29. Defendants HWE and/or RMFS affirmatively, intentionally, knowingly, maliciously, and/or unlawfully interfered with Mr. Staples business relationship with Simmons when it terminated Mr. Staples and when it instructed Simmons to constructively terminate Mr. Staples.

30. Mr. Staples suffered damages due to such interference and actions in the form loss of current and prospective constructive employment, loss of a pecuniary economic interest, loss of business relationship, lost earnings, and/or lost benefits.

31. Such conduct caused Mr. Staples to sustain mental anguish.

32. Such conduct was affirmative, intentional, knowingly, malicious, unjustified, and/or unlawful in nature and an interference with Mr. Staples' constructive rights in such relationship.

WHEREFORE, PREMISES CONSIDERED, Mr. Staples ask the jury to award him compensatory damages in the jury's discretion to compensate him for his injuries, harms, and damages as aforesaid and for an award of punitive damages in the jury's discretion to punish such Defendants for such wrongful conduct and to deter other similarly situated entities from engaging in such conduct in the future.

## COUNT TWO

(Against HWE, RMFS, and/or Simmons)

Interference with Business Relationship of Mr. Staples and DSM

33. Mr. and Mrs. Staples hereby incorporate the foregoing paragraphs 1-32 as if fully set forth herein.

34. Mr. Staples has a prospective pecuniary interest in his relationship with DSM as a paid consultant.

35. Defendants knew or should have known of such arrangement and agreement as between DSM and Mr. Staples.

36. Defendants affirmatively, intentionally, knowingly, maliciously, and/or unlawfully interfered with such relationship, arrangement, and agreement as a result of the wrongful conduct alleged herein in the form of: (1) the broker agreement between RMFS and DSM was not temporarily suspended but was terminated Exhibit 4; (2) the commissions due and owed from Simmons to DSM were withheld by Simmons at the direction and request of HWE or RMFS or Blanchard Exhibit 5; (3) RMFS sought to poach the Alabama DSM employees Thurber and Humphrey Exhibit 6; (4) RMFS poached Humphrey and caused Humphrey to breach her employment agreement with DSM in the State of Alabama and obtain for the benefit of HWE and/or RMFS DSM's protected "Trade Secrets" Exhibit 7; (5) Humphrey was instructed to retain possession of her DSM issued computer, food equipment, and supplies by HWE, RMFS, or Blanchard and has used such property in violation of her Alabama Employment Contract with DSM Exhibit 7; (6) HWE and/or RMFS have interfered with DSM's ongoing operations and attempts by DSM to acquire other broker agreements with other entities; (7) by refusing to allow the processing and payment of payroll for Mrs. Staples and DSM employee Thurber Exhibit 8; and/or (8) otherwise seeking to shut down the operations of DSM thereby individually damaging Mr. and Mrs. Staples interest and expectations protected under Alabama law Exhibit 9.

37. Due to such wrongful conduct Mr. Staples has suffered the pecuniary loss of the benefits of his relationship with DSM.

38. Due to such wrongful conduct Mr. Staples has suffered consequential losses for which the interference is as legal cause.

39. Due to such wrongful conduct Mr. Staples has suffered mental anguish.

WHEREFORE, PREMISES CONSIDERED, Mr. Staples ask the jury to award him compensatory damages in the jury's discretion to compensate him for his injuries, harms, and damages as aforesaid and for an award of punitive damages in the jury's discretion to punish such Defendants for such wrongful conduct and to deter other similarly situated entities from engaging in such conduct in the future.

### COUNT THREE

(Against HWE, RMFS, and/or Simmons)

Civil Conspiracy

40. Mr. and Mrs. Staples hereby incorporate the foregoing paragraphs 1-39 as if fully set forth herein.

41. As concerns the conduct referenced in Count Two Defendants conspired among them to engage in concerted action to cause the injuries, harms, and damages outlined against Mr. Staples and his relationship with DSM.

42. Due to such wrongful conduct as set forth Mr. Staples has suffered the pecuniary loss of the benefits of his relationship with DSM.

43. Due to such wrongful conduct Mr. Staples has suffered consequential losses for which the interference is as legal cause.

44. Due to such wrongful conduct Mr. Staples has suffered mental anguish.

WHEREFORE, PREMISES CONSIDERED, Mr. Staples ask the jury to award him compensatory damages in the jury's discretion to compensate him for his injuries, harms, and damages as aforesaid and for an award of punitive damages in the jury's discretion to punish such Defendants for such wrongful conduct and to deter other similarly situated entities from engaging in such conduct in the future.

## COUNT FOUR

(Against HWE and/or RMFS)

Intentional Interference with Business Relationship and Employment of Mrs. Staples as Managing Member of DSM

45. Mr. and Mrs. Staples hereby incorporate the foregoing paragraphs 1-44 as if fully set forth herein.

46. Mrs. Staples has a prospective constructive right and pecuniary interest in her employment relationship with DSM as Manager and right to be free from interference with her pursuit and/or progress of her trade, profession, and/or business relationship with DSM.

47. Defendants HWE and/or RMFS acting through Walker and Blanchard as agents, servants, and/or employees affirmatively, intentionally, maliciously, and/or unlawfully interfered with Mrs. Staples' constructive rights as the employed Manager of DSM.

48. Such conduct is set out above in paragraphs 20 and 36.

49. Due to such wrongful conduct Mrs. Staples has suffered the pecuniary loss of the benefits of her relationship with DSM.

50. Due to such wrongful conduct Mrs. Staples has suffered consequential losses for which the interference is as legal cause.

51. Due to such wrongful conduct Mrs. Staples has suffered mental anguish.

WHEREFORE, PREMISES CONSIDERED, Mrs. Staples ask the jury to award her compensatory damages in the jury's discretion to compensate her for her injuries, harms, and damages as aforesaid and for an award of punitive damages in the jury's discretion to punish such Defendants for such wrongful conduct and to deter other similarly situated entities from engaging in such conduct in the future.

## COUNT FIVE

(Against HWE and/or RMFS)

Breach of Fiduciary Duty

Oppression against Mrs. Staples' DSM Membership Interest

52. Mr. and Mrs. Staples hereby incorporate the foregoing paragraphs 1-51 as if fully set forth herein.

53. As a Member of DSM Blanchard in her capacities as Member of DSM and as agent, servant, and/or employee of HWE owed and owes Mrs. Staples a duty to act fairly and fulfill Mrs. Staples' expectations to a proportionate share of the profits of DSM, to secure her livelihood, and to the prospective and ongoing operations of DSM as a lawful business.

54. As a Member of DSM Blanchard in her capacities as Member of DSM and as agent, servant, and/or employee of HWE owed Mrs. Staples a duty to refrain from the oppressive conduct outlined herein above and to refrain from "squeezing out" Mrs. Staples' interest in DSM and refrain from withholding commissions due and owed by Simmons to DSM.

55. Due to such wrongful conduct engaged in by Blanchard in her capacities as a Member of DSM and as agent, servant, and employee of HWE Mrs. Staples has suffered injury, harm, and damage to her interest in DSM.

56. The wrongful conduct engaged in is ongoing and prospective and Mrs. Staples ask this Court to create a Judicial Constructive Trust related to any Simmons' commissions which may be generated by HWE and/or RMFS during the ongoing period of Mrs. Staples' oppression as outlined for the benefit of Mrs. Staples as a Member of DSM.

57. Due to such wrongful conduct Mrs. Staples has suffered the pecuniary loss of the benefits of her interest in DSM.

58. Due to such wrongful conduct Mrs. Staples has suffered consequential losses for which the breach of fiduciary duty and oppression is a legal cause.

59. Due to such wrongful conduct Mr. Staples has suffered mental anguish

WHEREFORE, PREMISES CONSIDERED, Mrs. Staples ask the jury to award her compensatory damages in the jury's discretion to compensate her for hers injuries, harms, and damages as aforesaid, for a constructive trust during the ongoing period of breach of duty and oppression, and for an award of punitive damages in the jury's discretion to punish such Defendants for such wrongful conduct and to deter other similarly situated entities from engaging in such conduct in the future.

## COUNT SIX

(Against HWE, RMFS, and/or Simmons)

Civil Conspiracy

60. Mr. and Mrs. Staples hereby incorporate the foregoing paragraphs 1-59 as if fully set forth herein.

61. As concerns the conduct referenced in Counts Four and Five Defendants HWE, RMFS, and/or Simmons have conspired among them to engage in concerted action to cause the

injuries, harms, and damages outlined by such referenced wrongful conduct against Mrs. Staples and her relationship with DSM.

62. Due to such wrongful conduct as set forth in Counts Four and Five Mrs. Staples has suffered the pecuniary loss of the benefits of her interest in and relationship with DSM.

63. Due to such wrongful conduct Mrs. Staples has suffered consequential losses for which the wrongful conduct outlined and referenced in Counts Four and Five are a legal cause.

64. Due to such wrongful conduct as outlined in such Counts Mrs. Staples has suffered mental anguish.

WHEREFORE, PREMISES CONSIDERED, Mrs. Staples ask the jury to award her compensatory damages in the jury's discretion to compensate her for her injuries, harms, and damages as aforesaid, for a constructive trust for the ongoing period of oppression, and for an award of punitive damages in the jury's discretion to punish such Defendants for such wrongful conduct and to deter other similarly situated entities from engaging in such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Mr. and Mrs. Staples demand judgment as follows:

A. Against all the Defendants and in their favor for the amount of damages sustained by them as a result of the Defendants' interference, conspiracy to interfere, breach of fiduciary duties, conspiracy to breach fiduciary duties, oppression, and conspiracy to oppress;

B. Awarding to Mrs. Staples a constructive trust and ordering disgorgement of all commissions owed by Simmons to DSM and all future commissions which Simmons may pay to HWE and/or RMFS during the ongoing period of oppression as against Mrs. Staples due to the wrongful conduct engaged in and as outlined by Defendants herein;

C. Award to Mr. Staples and Mrs. Staples the costs and expenses of this action, including reasonable attorney fees, accountants; fees and experts' fees, costs and expenses;

D. Compensatory and/or punitive damages in such sum as the jury may in their discretion award based upon the wrongdoing alleged in this Complaint; and

E. Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Mr. and Mrs. Staples demand trial by struck jury.

Respectfully submitted,

/S/ Keri Donald Simms (ASB-9801-M63K)(SIM042)
Attorney for Mr. and Mrs. Staples
Webster Henry Firm, P.C.
Suite 445 East
Two Perimeter Park South
Birmingham, Alabama 35243
Direct Dial: (205) 518-8968
Phone: (205) 380-3480 ext. 351
Facsimile: (205) 380-3485
Email: Ksimms@websterhenry.com

17

## SERVICE INSTRUCTIONS

**SERVE DEFENDNATS BY CFRETIFIED MAIL AT THE FOLLOWING ADDRESSES:**

**H. Walker Enterprises, LLC.**
22 E. Montgomery Crossroads
Savannah, GA 31406

**Renaissance Man Food Services, LLC**
22 E. Montgomery Crossroads
Savannah, GA 31406

**Simmons Foods, Inc.**
601 N. Hico Street
Siloam Springs, AR 72761

## **VERIFICATION**

I have read the above Verified Complaint and know the contents thereof. The Complaint is true and correct to the best of my knowledge, information and belief. I declare under penalty of perjury that the foregoing is true and correct.

Singed and Accepted this 31st day of January, 2018.

_____
John Staples

_____
Kimberly Staples