## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| KIMBERLY and JOHN STAPLES, ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> H. WALKER ENTERPRISES, LLC; ) <br> RENAISSANCE MAN FOOD SERVICES, ) <br> LLC; and SIMMONS FOODS, INC., ) <br> ) <br> **Defendants.** ) | **Civil Action No.:** <br> **7:18-cv-00160-TMP** |

### ANSWER OF H. WALKER ENTERPRISES, LLC

H. Walker Enterprises, LLC ("HWE"), Defendant, hereby files its Answer to the Verified Complaint for Damages pursuant to Fed. R. Civ. P. 12, as follows:

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Plaintiffs' claims for tortious interference are barred because HWE is not a stranger to the contractual and business relationships at issue.

### Third Defense

Plaintiffs' claims for conspiracy are barred because there was no underlying tort and conspiracy itself furnishes no civil cause of action.

### Fourth Defense

Kimberly Staples' claim for breach of fiduciary duty is barred because Defendant HWE did not owe her a fiduciary duty.

## Fifth Defense

This Court lacks personal jurisdiction over HWE.

## Sixth Defense

Plaintiffs' claims for tortious interference are barred based upon justification.

## Seventh Defense

HWE responds to the enumerated allegations of the Complaint as follows:

1.

HWE admits that Kimberly Staples ("K. Staples") is a 50% owner and member of DSM Sales and Marketing, LLC ("DSM"); that DSM is a Delaware limited liability company formed on September 23, 2016; that K. Staples is citizen of Alabama; that DSM's principal place of business in Alabama was 1701 Saint Andrews Drive, Tuscaloosa, Alabama 35406; that since the time of DSM's formation, K. Staples has been employed by DSM for a salary of $84,000 annually; that K. Staples has served as a co-manager of DSM; that her salary is distinct from her membership interest in DSM; and that DSM acted as food broker for RMFS after October 1, 2016. HWE denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.

HWE admits that at various times after October, 1, 2016, DSM employed Christopher Thurber and Barbara Humphrey, and that John Staples ("J. Staples") served as a consultant to DSM. HWE denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.

HWE admits that Staples conducted a portion of the accounting function of DSM through an operating account with West Alabama Bank in Tuscaloosa. HWE denies the remaining allegations contained in Paragraph 3 of the Complaint.

- 3 -

4.

HWE admits that DSM employee Humphrey executed an employment agreement; that the salaries of Humphrey and Thurber were paid from DSM's bank account in Alabama as were their expense reimbursements; and that K. Staples participated in the management of DSM's accounting function. HWE denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.

HWE admits that it is a Delaware limited liability company; that Herschel Walker ("Walker") is its sole member; that Walker is a citizen of Texas; and that it can be served at the Savannah, Georgia address. HWE denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.

Denied.

7.

HWE admits that RMFS is a subsidiary of HWE with its principal place of business located at 22 E. Montgomery Crossroads, Savannah, Georgia 31406 and that it may be served at that address. HWE denies the remaining allegations of Paragraph 7 of the Complaint.

8.

Admitted.

9.

HWE admits that Julie Blanchard is the other 50% owner and member of DSM, is in a relationship with Walker, and has been the co-manager of DSM. HWE denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.

HWE admits that RMFS and an affiliate of Simmons Foods, Inc., Simmons Prepared Foods, Inc. ("Simmons"), entered into a business relationship in 2007. HWE denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.

HWE admits that from April 2009 until December 27, 2017, J. Staples was a contracted employee of RMFS leased to it by Simmons; that he was paid by and received employee benefits from Simmons which were paid for by RMFS; and that J. Staples was the general manager of RMFS. HWE denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.

HWE admits that RMFS' business relationship with Simmons includes a profit sharing arrangement with respect to applicable products, and, depending upon the circumstances, an administrative fee. HWE denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.

HWE admits that RMFS sold waffle food products to Jet Food Stores in Georgia in 2017. HWE denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.

HWE lacks sufficient knowledge upon which to base a response to the allegations contained in Paragraph 14 of the Complaint and they are therefore denied.

15.

HWE denies that J. Staples owed a duty of loyalty to Simmons. HWE lacks sufficient information upon which to base a response to the remaining allegations contained in Paragraph 15 of the Complaint and they are therefore denied.

16.

HWE lacks sufficient information upon which to base a response to the allegations contained in Paragraph 16 of the Complaint and they are therefore denied.

17.

HWE admits that RMFS terminated J. Staples' employment with RMFS on December 27, 2017. HWE denies the remaining allegations contained in Paragraph 17 of the Complaint.

18.

HWE lacks sufficient information upon which to base a response to the allegations contained in Paragraph 18 of the Complaint and they are therefore denied.

19.

Denied.

20.

Denied.

21.

HWE lacks sufficient information upon which to base a response to the allegations contained in Paragraph 21 of the Complaint and they are therefore denied.

22.

HWE lacks sufficient information upon which to base a response to the allegations contained in Paragraph 22 of the Complaint and they are therefore denied.

23.

HWE lacks sufficient information upon which to base a response to the allegations contained in Paragraph 23 of the Complaint and they are therefore denied.

24.

HWE hereby incorporates its responses to the allegations contained in Paragraphs 1 through 23 of the Complaint.

25.

HWE denies that J. Staples owed Simmons a duty of loyalty and honesty. HWE denies the remaining allegations contained in Paragraph 25 of the Complaint.

26.

HWE lacks sufficient information upon which to base a response to the allegations contained in Paragraph 26 of the Complaint and they are therefore denied

27.

HWE lacks sufficient information upon which to base a response to the allegations contained in Paragraph 27 of the Complaint and they are therefore denied

28.

HWE admits that Walker knew that J. Staples was employed through Simmons and leased to RMFS. HWE denies the remaining allegations contained in Paragraph 28 of the Complaint.

29.

Denied.

30.

Denied.

31.

Denied.

32.

Denied.

33.

HWE hereby incorporates its responses to the allegations contained in Paragraphs 1 through 32 of the Complaint.

34.

Denied.

35.

Denied.

36.

Denied.

37.

Denied.

38.

Denied.

39.

Denied

40.

HWE hereby incorporates its responses to the allegations contained in Paragraphs 1 through 39 of the Complaint.

41.

Denied.

42.

Denied

43.

Denied.

44.

Denied.

45.

HWE hereby incorporates its responses to the allegations contained in Paragraphs 1 through 44 of the Complaint.

46.

Denied.

47.

Denied.

48.

Denied.

49.

Denied.

50.

Denied.

51.

Denied.

52.

HWE hereby incorporates its responses to the allegations contained in Paragraphs 1 through 51 of the Complaint.

53.

Denied.

54.

Denied.

55.

Denied.

56.

Denied.

57.

Denied.

58.

Denied.

59.

Denied.

60.

HWE hereby incorporates its responses to the allegations contained in Paragraphs 1 through 59 of the Complaint.

61.

Denied.

62.

Denied.

63.

Denied.

64.

Denied.

This 27th day of February, 2018.

/s/ Michael J. King
Michael J. King (Pro Hac Vice)
**GREENBERG TRAURIG, LLP**
3333 Piedmont Road NE
Terminus 200, Suite 2500
Atlanta, Georgia 30305
T: (678) 553-2100
F: (678) 553 2212
kingm@gtlaw.com
**Counsel for Defendants**
**H. Walker Enterprises, LLC &**
**Renaissance Man Food Services, LLC**

George Walton Walker, III (WAL097)
**THE FINLEY FIRM, P.C.**
P.O. Box 3596 (36831)
611 E Glenn Ave.
Auburn, AL 36830
T: (334) 209-6371
F: (334) 209-6373
gwwalker@thefinleyfirm.com

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | |
|---|---|
| **KIMBERLY and JOHN STAPLES,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **Civil Action No.:** |
| v. ) | **7:18-cv-00160-TMP** |
| ) | |
| **H. WALKER ENTERPRISES, LLC;** ) | |
| **RENAISSANCE MAN FOOD SERVICES,** ) | |
| **LLC; and SIMMONS FOODS, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February, 2018, a copy of the foregoing **ANSWER OF H. WALKER ENTERPRISES, LLC** was filed via CM/ECF and served upon counsel of record by electronic notification:

Keri Donald Simms
WEBSTER HENRY FIRM, P.C.
Suite 445 East
Two Perimeter Park South
Birmingham, Alabama 35243
Ksimms@websterhenry.com

Talley R. Parker
JACKSON LEWIS P.C.
500 N. Akard
Suite 2500
Dallas, TX 75201
talley.parker@jacksonlewis.com

Thomas A. Davis
JACKSON LEWIS P.C.
First Commercial Bank Building
800 Shades Creek Parkway, Suite 870
Birmingham, AL 35209
DavisT@jacksonlewis.com

This 27th day of February, 2018.

/s/ Michael J. King
Michael J. King (Pro Hac Vice)
**GREENBERG TRAURIG, LLP**
3333 Piedmont Road NE
Terminus 200, Suite 2500
Atlanta, Georgia 30305
T:  (678) 553-2100
F:  (678) 553 2212
kingm@gtlaw.com
**Counsel for Defendants**
**H. Walker Enterprises, LLC &**
**Renaissance Man Food Services, LLC**

George Walton Walker, III (WAL097)
**THE FINLEY FIRM, P.C.**
P.O. Box 3596 (36831)
611 E Glenn Ave.
Auburn, AL 36830
T:  (334) 209-6371
F:  (334) 209-6373
gwwalker@thefinleyfirm.com

ATL 22640992v1