# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **KIMBERLY and JOHN STAPLES,** )<br>)<br>)<br>**Plaintiffs,** )<br>)<br>**V.** )<br>)<br>**H. WALKER ENTERPRISES, LLC;** )<br>**RENAISSANCE MAN FOOD** )<br>**SERVICES, LLC; and SIMMONS** )<br>)<br>**Defendants.** ) | **Civil Action No.: 7:18-cv-00160-LSC** |

## PLAINTIFFS' SUPPLEMENTAL RESPONSES
## TO DOCUMENT REQUEST

Mr. and Mrs. Staples, by and through their undersigned counsel, respond to and supplement their responses to Defendant HWE and RMFS's Rule 34 Request for Production of Documents as follows:

## GENERAL RESPONSE

Mr. and Mrs. Staples have not completed discovery, investigation, or preparation for trial, including the investigatory process of competent witnesses and/or access to Mr. Staples Simmons' electronic data for the time period April 2009 to the date Simmons' terminated his access. Accordingly, the responses contained herein are complete to the extent possible based on information reasonably available at this time. Mr. and Mrs. Staples retain the right to supplement or modify their responses based on the discovery of additional or different information, and will provide responses to document request that call for detailed technical responses at the time their experts complete their investigation, prepare opinions, or as scheduled by order of the Court.

1.  All employment agreements between DSM Sales and Marketing, LLC ("DSM") and Christopher Thurber.

RESPONSE: see the agreement attached to the Complaint on file in this action.

2.  All employment agreements between DSM and Barbara Humphrey.

RESPONSE: see the agreement attached to the Complaint on file in this action.

3.  All consulting agreements between DSM and J. Staples.

RESPONSE: there is no written agreement. The agreement was memorialized in email communications between Mr. Staples, Herschel Walker, and Ron Eiseman of Greenberg Traurig, LLP. Mr. Staples objects to producing documents which are in the possession of Defendant and its agent Ron Eisenman and GreenBerg Traurig, LLP.

4.  All documents pertaining to Simmons' recruitment of J. Staples to become an employee in 2009.

RESPONSE: Mr. Staples does not currently have possession of any such documents. When Simmons' constructively terminated him, Simmons demanded he return the laptop computer Simmons provided to Mr. Staples and used by him during his period of employment with Simmons. Mr. Staples complied with the request and, therefore, does not currently have access to any documents which may be responsive to this request.

5.  All employment agreements between RMFS and J. Staples.

RESPONSE: none. During the time period Simmons hired Mr. Staples Herschel Walker showed Mr. Staples a written employment agreement which existed between Simmons, RMFS, and Mike Rogers. Mr. Staples recalls that several of the provisions contained in such agreement resembled the representations and promises made to him by Chip Miller of Simmons related to Mr. Staples coming to work for Simmons to manage the Simmons and RMFS relationship which is involved in this suit. Mr. Staples does not have possession, custody, or control of such document.

6.  All employment agreements between HWE and J. Staples.

RESPONSE: none.

7. All employment agreements between Simmons and J. Staples.

RESPONSE: to Mr. Staples knowledge there is not a specific written employment agreement between him and Simmons. Mr. Staples does recall that Simmons provided him with employment manuals and documents. To the extent these documents contain written terms of employment concerning Mr. Staples and these are produced by Simmons, HWE, and/or RMFS, this response will be supplemented.

8. All documents exchanged between Simmons and J. Staples regarding expense reimbursement related to RMFS' sale of waffle food items.

RESPONSE: Mr. Staples does not currently have access to such documents. As stated he returned his Simmons laptop computer to Simmons as requested by Simmons. Mr. Staples recalls that he forwarded demands for payment from the entity which HWE and/or RMFS had perform the film, packaging, and/or displaying related to such food items to HWE, RMFS, and/or Ron Eisenman of Greenberg Traurig, LLP. Mr. Staples also recalls receiving an email, which he currently does not have access to, from Ron Eisenman instructing him not to ship such food items with any Simmons chicken shipments from the Simmons facility in Arkansas because Mr. Eisenman did not want Simmons to participate in and share in any revenue generated from the sale of such food items. Katie Redmon and David Jackson of Simmons are aware of these documents as Mr. Staples discussed this, as well as other matters, with Mr. Jackson during their meeting in the early part of December 2017.

9. All documents written by J. Staples regarding expense reimbursement request related to RMFS' sale of waffle food items.

RESPONSE: see response to Request No. 8 above. Mr. Staples also recalls, but does not currently have possession of or access to such documents, forwarding invoices related to film, packaging, and/or display costs associated with the items to HWE, RMFS, and/or Ron Eisenman with Greenberg Traurig, LLP.

10. All invoices submitted by RMFS regarding expense reimbursement requests related to RMFS' sale of waffle food items.

RESPONSE: see responses to Requests 8 and 9 above. Mr. Staples also recalls that Julie Blanchard of HWE placed a purchase order (PO) request to Hartybake related to the items. Mr. Staples does not have access to such documents as he returned his laptop computer to Simmons and does not have access to Simmons' electronic data.

11. All documents (including notes and memoranda) regarding J. Staples December 11, 2017 meeting with David Jackson.

RESPONSE: none.

12. All documents (including notes and memoranda) regarding J. Staples' meeting with Walker on December 27, 2017.

RESPONSE: See documents attached as Staples 000001 to 000024 concerning his meeting with Ron Eisenman and Herschel Walker on December 27, 2017 at the offices of Greenberg Taurig, LLP in Atlanta, GA.

13. All documents (including, without limitation, notes, proposals, letters of intent, PowerPoint presentations, agendas, meeting minutes, memoranda and correspondence) regarding DSM's attempt to acquire broker agreements with other entities as alleged in paragraph 20 of the Complaint.

RESPONSE: none.

14. All documents (including, without limitation, notes, proposals, letters of intent, PowerPoint presentations, agendas, meeting minutes, memoranda and correspondence) related to J. Staples' efforts to secure business from RMFS' customers since December 27, 2017.

RESPONSE: none.

15. All employment agreements between DSM and K. Staples.

RESPONSE: None. Mrs. Staples is a 50% owner or LLC member of DSM per the operating agreement prepared for her and DSM by Ron Eisenman of Greenberg Taurig, LLP which is attached to the Complaint (as amended) on file in this suit.

16. All documents (including, without limitation, drafts, notes, memoranda and responses) regarding and including the September 24, 2014 letter referred to as Exhibit 12 in section 46 of the Complaint.

RESPONSE: none in the possession or control of Mr. or Mrs. Staples. Otherwise see the Exhibit contained in the Crt.Record.

17. All documents that J. Staples alleges contains a defamatory statement about him made by HWE or RMFS.

RESPONSE: none in the possession or control of Mr. or Mrs. Staples.

18. All documents exchanged between J. Staples and Robert Thurber related to RMFS or HWE.

RESPONSE: none in the current possession or control of Mr. Staples. As stated Mr. Staples returned his laptop to Simmons and would need access to the documents in the possession of Simmons to respond to this Request.

**SUPPLEMENTAL RESPONSE**: during the deposition of Robert Thurber Mr. Thurber produced various documents labeled RT 001 to 073 some of which contained text messages inclusive of Mr. Staples. During the deposition of Mr. Thurber the cell phone numbers for the various text messages produced by Mr. Thurber were discovered. Counsel for Mr. Staples retained a third party vendor cell phone forensic company to exam Mr. Staples' cell device. This entity was provided with the cell phone numbers discovered during the deposition of Mr. Thurber. Counsel has now produced to all counsel in these proceedings the examination report of Magnet Forensics as Staples labeled documents 0004204 to 0004658 which relates to an examination of the cell phone numbers discovered during the deposition of Robert Thurber. The examination also included the cell numbers of the agents, servants, and/or employees of Defendants referenced in and made a part of the claims contained in the Complaint on file in this action. The production is in the format supplied by Magnet Forensics to Counsel for Mr. Staples. In addition to the Forensic reports, Mr. Staples has also produce records from his AT&T cell phone account as Staples documents 0004148 0004203.

19. All documents related to the formation of Diversified Food Solutions ("DFS").

RESPONSE: See documents attached as Staples 000025 to 000041.

20. All documents related to the payment of a $30,000.00 retainer fee to DFS.

RESPONSE: none in the current possession or control of Mr. Staples. Mr. Staples recalls that Katie Redmon of Simmons produced Profit and Loss or "Sales Budget Compare" documents related to the Simmons and RMFS relationship or venture which Mr. Staples supplied to HWE, RMFS, and Ron Eisenman of Greenberg Taurig, LLP. Mr. Staples objects to producing documents which have been and are in the possession and control of HWE, RMFS, or their agent Greenberg Tauring, LLP.

21. All documents related to the termination of RMFS' broker agreement with DFS, including the reason(s) for the termination.

RESPONSE: see exhibit 12 to the Complaint (as amended) on file in this action. The reasons are as stated by Hershel Walker in such exhibit.

22. All documents related to the formation of Diversified Sales and Marketing ("Diversified") in 2014.

RESPONSE: See documents attached as Staples 000042 to 000057.

23. All documents related to the proposed sale to Robert Thurber of an interest in Diversified.

RESPONSE: none.

24. All documents created since January 1, 2015 related to a potential broker business that would have included or did include J. Staples and any of the following people: Robert Thurber, John Goodman or Bud Taylor.

RESPONSE: none in the current possession or control of Mr. or Mrs. Staples.

**SUPPLEMENTAL RESPONSE:** see documents contained in the deposition of Robert Thurber. See Staples 0004204 to 0004658. See also documents produced in Staples 0002120 to 0004147.

25. All documents related to J. Staples' relationship to Grate Chef, including, without limitation, marketing activities, participation in trade shows, business plans, investment solicitations, prospectuses, and the use of Walker's name and likeness.

RESPONSE: see documents labeled as Staples 000060 to 000073 inclusive of 000088. Other documents may exist which are not in the current possession or control of Mr. or Mrs. Staples due to Mr. Staples returning his Simmons' laptop computer to Simmons.

26. All documents related to the exchange, sale, trade or use of sports memorabilia pertaining to Walker by J. Staples.

RESPONSE: see Staples document 000074 to 000078. Other documents may exist which are not in the current possession or control of Mr. or Mrs. Staples due to Mr. Staples returning his Simmons' laptop to Simmons.

27. J. Staples' employment agreement with SmithField.

RESPONSE: none.

28. All documents related to the exchange, sale, trade, or use of sports memorabilia purchased by or on behalf of J. Staples using funds of RMFS or reimbursed from RMFS.

RESPONSE: see response to Request No. 26 above.

29. All sports memorabilia currently possessed by or in the custody or control of J. Staples that was purchased using funds of RMFS, and all documents related to such memorabilia.

RESPONSE: none.

30. All sport memorabilia currently possessed by or in the custody or control of J. Staples that was acquired in exchange for sports memorabilia that was purchased using funds of RMFS or reimbursed from RMFS, and all documents related to such memorabilia.

RESPONSE: none.

31. All forms 1099, K1 and W-2 provided from Hartybake, LLC to J. Staples, DFS, Diversified, DSM, and K. Staples for the years 2009 through 2017.

RESPONSE: none.

32. All forms 1099, K1 and W-2 provided from Mulberry Tree Productions to J. Staples, DFS, Diversified, DSM, and K. Staples for the years 2009 through 2017.

RESPONSE: none.

33. All forms 1099, K1 and W-2 provided from Grate Chef to J. Staples, DFS, Diversified, DSM, and K. Staples for the years 2009 through 2017.

RESPONSE: none.

34. All forms 1099, K1 and W-2 provided from any company that did business with RMFS to J. Staples, DFS, Diversified, DSM, and K. Staples for the years 2009 through 2017.

RESPONSE: none.

35. All documents related to the sale or potential sale of Hartybake products to Walmart.

RESPONSE: See documents attached as Staples 000058 to 000059.

36. Any contracts between DSM and Simmons related to the employment of Blair Staples.

RESPONSE: none in the possession or control of Mr. or Mrs. Staples.

37. All resumes of K. Staples created between 2009 to the present.

RESPONSE: none.

38. All documents exchanged between K. Staples and Sysco between January 1, 2014 and February 28, 2018.

RESPONSE: Mrs. Staples is searching her records and this response will be supplemented as soon as she has complied records for the 4 year time period referenced.

**SUPPLEMENTAL RESPONSE:** see documents contained in Staples 0002120 to 0004147.

39. All broker agreements between RMFS and any third party from April 1, 2009 through December 27, 2017.

RESPONSE: none in the possession or control of Mr. or Mrs. Staples. Mr. and Mrs. Staples object to being required to produce documents which should be in the possession and control of RMFS and/or Simmons. Mr. and Mrs. Staples believe Katie Redmon of Simmons would be in possession of such documents since she was the agent, servant, and/or employee of Simmons which processed and paid commissions related to broker agreements concerning the Simmons and RMFS relationship or venture.

40. All documents evidencing a conspiracy as alleged in Counts Three and Six of the Complaint.

RESPONSE: See documents attached as Staples 000080 to 000087. Discovery is ongoing and this response will be supplemented when Defendants have fully complied with Plaintiffs discovery request directed to them. Plaintiffs object to producing documents in the possession or control of the Defendants.

41. All documents exchanged between J. Staples and Guardian for Heros between January 1, 2015 and December 27, 2017.

RESPONSE: none.

42. All documents to Mulberry Tree Productions.

RESPONSE: none.

43. The office lease for 5712 Rice Mine Road, Tuscaloosa, Alabama 35406.

RESPONSE: see document Staples 000079.

44. All documents related to the promotion of sale of the IXL drink.

RESPONSE: none in the current possession of Mr. or Mrs. Staples.

45. All documents, including without limitation notices related to tax deductible contributions, related to payments made by RMFS to the University of Alabama or affiliated organizations (such as booster clubs and alumni organizations), or by J. Staples that were reimbursed from RMFS.

RESPONSE: None in the possession or control of Mr. or Mrs. Staples. Plaintiffs believe Simmons has these documents as they were sent to Simmons which is the entity that made and paid the contributions.

46. All documents, including without limitation notices related to tax deductible contributions, related to payments made by RMFS to Rise Capstone Foundation or affiliated organizations (such as booster clubs and alumni organizations), or by J. Staples that were reimbursed from RMFS.

RESPONSE: None in the possession or control of Mr. or Mrs. Staples. Plaintiffs believe Simmons has these documents as they were sent to Simmons which is the entity that made and paid the contributions.

47. All documents exchanged between J. Staples and the Texas Chili Company between January 1, 2014 and December 27, 2017.

RESPONSE: None in the possession or control of Mr. or Mrs. Staples.

48. All documents between J. Staples and Sysco regarding Guardian for Heros.

RESPONSE: None in the possession or control of Mr. or Mrs. Staples.

                Respectfully submitted,

                /S/ Keri Donald Simms(ASB-9801-63K)(SIM042)
                Attorney for Mr. and Mrs. Staples
                Webster Henry Firm, P.C.
                Suite 445 East
                Two Perimeter Park South
                Birmingham, Alabama 35243
                Direct Dial: (205) 518-8968
                Phone: (205) 380-3480 ext. 351
                Facsimile: (205) 380-3485
                Email: Ksimms@websterhenry.com

## **VERIFICATION OF DOCUMENT RESPONSES**

We, John and Kimberly Staples, believe, based on our reasonable inquiry, including the hiring of a Third Party to examine the cell phone of John Staples, that the foregoing production and supplemental production are true and correct to the best of our knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on November 111, 2018.

_____
John Staples

_____
Kimberly Staples