FILED
2019 Feb-11 PM 05:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **KIMBERLY and JOHN STAPLES,** | ) |
| Plaintiffs, | ) |
| V. | ) Civil Action No.: 7:18-cv-00160-LSC |
| **H. WALKER ENTERPRISES, LLC; RENAISSANCE MAN FOOD SERVICES, LLC; and SIMMONS** | ) |
| Defendants. | ) |

### PLAINTIFF KIMBERLY STAPLES' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Comes now the Plaintiff Kimberly Staples and submits the following Memorandum Brief in support of her Rule 56 Motion for Summary Judgment concerning liability related to her claims for wrongful oppression and breach of fiduciary duty, interference with employment contract, interference with LLC ownership, and civil conspiracy.

### FACTUAL BACKGROUND
**Plaintiff's Statement of Undisputed Facts**:

Mrs. Staples submits the following undisputed material facts in support of her Rule 56 Motion.

1. Mrs. Staples was owner of DSM1, 2, and 3. "I had discussions with Herschel, Ron, and Simmons and they understood she would be an owner of DSM 1,2, and 3."[1]

2. Mrs. Staples worked for Mike Rogers at his brokerage company when RMFS first got into the food business. She worked on RMFS's first award from Sysco Corporation. She has been a part of brokerage ever since Walker partnered with Simmons.[2]

3. Julie Blanchard and Kim were supposed to lead as a woman owned company. In the interim I was asked to be a consultant to provide leadership. John became the active leader because we did not have one. [3]

4. What made you adamant that you would not surrender your interest in DSM3? Because we had built that company and gifted her (Blanchard) 50% and that there were no clauses that DSM was kept from us moving beyond RMFS.[4] The Staples had loaned $30,000.00 seed money into the LLC.

5. Did you personally have a contractual relationship with RMFS? No.[5]

---

[1] Mrs. Staples incorporates by reference the testimony and documentary evidence contained in Mr. Staples' Motion Crt.Rec.Doc. 70. J. Staples Depo. at 47: 3-6.
[2] J. Staples Depo. at 47: 10-20.
[3] J. Staples Depo. at 55: 21-23; 56 1-3; Exhibit 1 K. Staples Depo. at 51: 18-21.
[4] K. Staples Depo. at 17:13-15.
[5] K. Staples Depo. at 36:23; 37;1-2.

6.   Did anyone at HWE or RMFS or Simmons ever attempt by physical or economic intimidation to affect your business relationship and employment with DSM?  <u>Absolutely</u>.[6]

7.   How?  By not paying commissions, therefore trying to squeeze me out. If there was no money, there was no business, and there was no agreement on the other side to do any further business or pay employees what they were due.[7]

8.   At the time Mr. Eisenman formed DSM3 did he have you sign any written document waving your attorney client relationship?  No.[8]

9.   Did Ms. Blanchard ever take a region. No. To my knowledge she stated she worked for the parent company HWE.  It appeared she had no interest in helping out with DSM3 or being involved in the business.[9]

10.   Jackson never asked what capacity Blanchard was attending the December 12, 2017 Board Meeting of the Joint Venture.[10]

11.   I was aware that there was a brokerage firm created that Mrs. Staples and Mr. Blanchard were equity owners in.[11]

---

[6] K. Staples Depo. at 40: 1-23.
[7] K. Staples Depo. at 40; 1-23.
[8] K. Staples Depo. at 67:
[9] K. Staples Depo. at 81:1-9.
[10] Jackson Depo. at 46:19-20. Exhibit 2.
[11] Jackson Depo. at 47: 1-6.

12. Simmons merely acted as the accountant or as the business office function- no different than were you to have an <u>uninvolved third party</u> to perform those business functions.[12]

13. Simmons learned that neither Plan A or B were accepted and learned this in mid-January 2018 from Mr. Walker. [13]

14. Simmons cut off John's email access on 12-28-17.[14]

15. I received Eisenman's Memo on 12-21-17.[15]

## ARGUMENT

1. <u>HWE and RMFS Oppressed Mrs. Staples Ownership Interest and Breached their Fiduciary duties to her concerning DSM3</u>

Mrs. Staples paid 50% of Eisenman's legal fees related to formation of the LLC DSM3 and the operations of the LLC.  She never waived any conflict of interest or attorney-client relationship.  Eisenman noted in the formation that the long form operating agreement was being used because it was contemplated that DSM3 would grow beyond RMFS.

---

[12] Jackson Depo. at 51:9-12.
[13] Jackson Depo. at 58: 5-11.
[14] Jackson Depo. at 59: 7-12.
[15] Jackson Depo. at 66: 16-17.

Eisenman noted further that Delaware law would not allow the waiver of fiduciary duties. Blanchard owed Mrs. Staples fiduciary obligations with respect to DSM3.

An obligation of fairness rises to the level of a fiduciary duty. *Burt v. Burt Boiler Works, Inc.,* 360 So.2d 327 (Ala. 1978). Blanchard attended the December 12, 2017 Board Meeting of the Simmons/HWE (RMFS food operations) Joint Venture. During the meeting its was planned that Mrs. Staples would be forced out of her ownership interest and her employment with DSM3 ended. The next day Blanchard sought payment of her distributions and expenses related to DSM3. Blanchard knew the squeeze would be on so the funds of DSMN3 were reduced in advance of the "squeeze."

After the Staples did not accept Plan A and voluntarily give up Mrs. Staples ownership interest to Blanchard for $10.00, HWE/RMFs, through Eisenman, Walker, and Blanchard and with the assistance of Simmons, withheld DSM3's earned commissions payment for December 2017 and January 2018. HWE/RMFS temporarily suspended the broker agreement until Mrs. Staples gave Blanchard her ownership interest for $10.00. HWE/RMFS poached the Alabama employees of DSM3 in violation of employment agreements prepared by Eisenman- 50% of which Mrs. Staples paid the legal fees.

A negligence standard of care is involved concerning breaches of fiduciary duties. Eisenman and Blanched owed Mrs. Staples fiduciary duties concerning her ownership and employment with DSM3. On behalf of HWE/RMFS they breached these duties by the conduct and course of actions set forth in the undisputed facts.

For these reasons, summary judgment is due to be granted in Mrs. Staples' favor concerning her claims of oppression and breach of fiduciary duty.

2. The Defendants tortuously interfered with Mrs. Staples ownership interest and employment with DSM3

The undisputed facts show that Defendants interfered with Mrs. Staples ownership interest and employment status with DSM3. When the Staples did not accept Plan A of the December 12, 2017 meeting, Defendants undertook coercive conduct to end Mrs. Staples ownership and employment as shown by the undisputed facts.

The December 21, 2017 Memo of the meeting shows Defendants knew of Mrs. Staples ownership interest. Under Plan B Defendants intended to end it as well as her employment. Defendants course of conduct shows intention and the interference with Mrs. Staples rights were thought out and planned.

For these reasons, summary judgment is due to be granted in Mrs. Staples' favor as a matter of law.

3. Civil Conspiracy:

For the same reasons that Mr. Staples is entitled to summary judgment concerning his civil conspiracy claims, so is Mrs. Staples. The December 21, 2017 Memo shows concerted actions on the part of Defendants to harm Mrs. Staples interest in DSM3 inclusive of her employment.

## CONCLUSION

Based on all of the foregoing reasons and the uncontroverted facts showing the course of behaviors engaged in by the Defendants concerning Mrs. Staples, summary judgment is due to be granted in her favor on liability.

Respectfully submitted,

/S/ Keri Donald Simms(ASB-9801-63K)(SIM042)
Attorney for Mr. and Mrs. Staples
Webster Henry Firm, P.C.
Suite 445 East
Two Perimeter Park South
Birmingham, Alabama 35243
Direct Dial: (205) 518-8968
Phone: (205) 380-3480 ext. 351
Facsimile: (205) 380-3485
Email: Ksimms@websterhenry.com

## **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on the date and time affixed to this document by the Court Electronic Filing System that I have caused to be filed the foregoing document which system will send a copy of and notification of this document to all counsel of record for all parties to these proceedings and that there are no pro se parties for which separate U.S. Mail notification is required.


/S/  Keri Donald Simms(ASB-9801-63K)(SIM042)
OF COUNSEL