# Exhibit A-9

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY and JOHN STAPLES, | § | |
| Plaintiffs, | § | |
| v. | § | Case No: 7:18-cv-00160-LSC |
| H. WALKER ENTERPRISES, LLC, RENAISSANCE MAN FOOD SERVICES, LLC, and SIMMONS | § | |
| Defendants. | § | |

## DECLARATION OF TODD SIMMONS IN SUPPORT OF DEFENDANT SIMMONS PREPARED FOODS, INC.'S OPPOSITION TO PLAINTIFF JOHN STAPLES' MOTION FOR <u>SUMMARY JUDGMENT AS TO LIABILITY</u>

1.  My name is Todd Simmons. I am over 21 years of age and am fully competent to make this declaration. I have personal knowledge of all facts recited herein and state that such facts are true and correct.

2.  I am the Chief Executive Officer of Simmons Foods, Inc. and its affiliates, including Simmons Prepared Foods, Inc. ("Simmons").

3.  I am familiar with John Staples ("Mr. Staples"). I interacted with him many times during his employment with Simmons. Some of our discussions focused on Simmons' business relationship with Renaissance Man Food Services, LLC ("RMFS"). In those discussions, I never informed Mr. Staples that "everything that was involved with Simmons was to flow through the RMFS/Simmons partnership" as he alleges in the above-captioned litigation.

4.  Some of our other discussions focused on Simmons' business

relationship with Sysco. In those discussions, I never informed Mr. Staples that Simmons wanted to cut out RMFS and bid directly to Sysco. I also did not tell Mr. Staples that I was concerned about the margin RMFS was receiving from the products it was purchasing from Simmons and distributing through companies like Sysco. Further, Mr. Staples did not request in or about 2015 that Simmons "bid [one] last time through RMFS" as he alleges in this lawsuit, and I never instructed Mr. Staples that "Simmons would run it through RMFS this last time," as he testified to in his deposition given in this case.

5. Mr. Staples was hired by Simmons as an at-will employee, and he continued to be employed on an at-will basis throughout the duration of his employment with Simmons. I never told Mr. Staples that he could only be fired for good cause.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March \_1\_, 2019.

_____
Todd Simmons