

FILED
2019 Mar-04  PM 05:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A-11

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

KIMBERLY and JOHN STAPLES,        §

      Plaintiffs,        §

      v.        §        Case No: 7:18-cv-00160-LSC

H. WALKER ENTERPRISES, LLC,        §
RENAISSANCE MAN FOOD
SERVICES, LLC, and SIMMONS        §

      Defendants.        §

## DECLARATION OF DAVID JACKSON IN SUPPORT OF DEFENDANT SIMMONS PREPARED FOODS, INC.'S OPPOSITION TO PLAINTIFF JOHN STAPLES' MOTION FOR <u>SUMMARY JUDGMENT AS TO LIABILITY</u>

1.     My name is David Jackson.  I am over 21 years of age and am fully competent to make this declaration.  I have personal knowledge of all facts recited herein and state that such facts are true and correct.

2.     I am the President and Chief Operating Officer of Simmons Prepared Foods, Inc. ("Simmons").  I worked with John Staples ("Mr. Staples") during his employment with Simmons.

3.     Mr. Staples was employed at-will throughout the duration of his employment with Simmons.  To my knowledge, no one from Simmons told Mr. Staples that he could only be terminated for cause.  I, personally, never told Mr. Staples that he could only be terminated for cause.

**App. 342**

4.      Prior to January or February of 2009, Mr. Staples did not repeatedly decline offers for employment with Simmons, and Simmons did not want Mr. Staples to enter into an arrangement between himself and Herschel Walker ("Mr. Walker") similar to Mike Rogers' arrangement with Mr. Walker.

5.      I did not inform Mr. Staples in January or February of 2009 that the relationship between Mr. Walker and Mike Rogers was not working out.

6.      I did not discuss Mr. Walker's book, *Breaking Free*, with Mr. Staples prior to Mr. Staples' hiring by Simmons.

7.      Mr. Staples did not express concerns about Mr. Walker to Simmons prior to his hiring.  Further, to my knowledge, no one at Simmons told Mr. Staples before or during his employment that the company was going to protect him from Mr. Walker.

8.      Simmons did not recruit Mr. Staples to assist it with getting into a broadline-food-distribution business, nor was Mr. Staples asked to build such business for Simmons.  Also, Mr. Staples did not lay the foundation for Simmons to have success in a broadline distribution business.

9.      The business relationship between Simmons and Renaissance Man Food Services, LLC ("RMFS") was not (and is not) a legal partnership.  Simmons and RMFS were not (and are not) parties to a joint venture, and Mr. Staples was never asked to create a profit and loss statement for such joint venture.

**App. 343**

10.     I did not request a copy of any joint venture agreement, as no joint venture exists.

11.     Mr. Staples did not have any direct responsibilities for Simmons, and all of Mr. Staples' job duties were devoted to his position as General Manager of RMFS.

12.     Simmons was not concerned that its business relationship with RMFS would be unable to grow and expand beyond a certain point.

13.     To my knowledge, no one at Simmons told Mr. Staples that his job was to "make sure whatever goes through RMFS, Simmons has a 35% piece of it."

14.     Mr. Staples was not assigned to work on recovering credits that were owed to Simmons by RMFS around the time of his hiring.

15.     Mr. Staples was never instructed to "keep the parties in line."

16.     Simmons has never had a "rocky" relationship with Mr. Walker.

17.     Simmons' Disciplinary Actions policy notes that it is "dependent" on certain factors, and is thus merely guidance for the company when determining whether, and to what extent, discipline is warranted in a given situation.

18.     As Mr. Staples was not terminated for a conduct violation or for poor performance, Simmons' Disciplinary Actions policy is inapplicable to his separation from employment.

19.     Simmons did not tell Mr. Walker that his bills were not being paid.

20.     Mr. Staples never told me that Mr. Walker was "furious" with him.

21.     As leaders of our respective independent companies, Mr. Walker and I agreed to meet on December 12, 2017 to discuss our ongoing business relationship.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 4, 2019.

David Jackson

**App. 345**