FILED
2019 Mar-04 PM 07:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# TAB F

# Declaration of Herschel Walker

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| KIMBERLY and JOHN STAPLES, ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> H. WALKER ENTERPRISES, LLC; ) <br> RENAISSANCE MAN FOOD ) <br> SERVICES, LLC; and SIMMONS ) <br> PREPARED FOODS, INC., ) <br> ) <br> **Defendants.** ) | **Civil Action No.:** <br> **7:18-cv-00160-LSC** |

## DECLARATION OF HERSCHEL WALKER

I, Herschel Walker, make this declaration pursuant to 28 U.S.C. § 1746, as follows:

1.

I am Herschel Walker, above the age of 18 years, competent to make this declaration and do so based upon my personal knowledge of the facts stated herein.

2.

I am the Chief Executive Officer of H. Walker Enterprises, LLC ("HWE") and Renaissance Man Food Services, LLC ("RMFS").

3.

I have known Kristen Caffey for many years.

4.

Although Ms. Caffey used to be employed by Sysco, she has not been employed by that company since 2014. She is currently employed by Radian Group, Inc. I have known Ms. Caffey since around the time I first got into the food business, but she did not assist me in starting my company.

5.

I recruited John Staples to come to work for RMFS.

6.

In order to provide Mr. Staples with benefits while he worked for RMFS, I arranged with Simmons Prepared Foods, Inc. ("Simmons") for it to be Mr. Staples' employer and loan his services to RMFS.

7.

Sysco Corporation has never been the exclusive customer of RMFS.

8.

RMFS first got started in the food business with the assistance of Jerry Dowell, not Robert Thurber.

9.

RMFS is not a broker. It sells various types of food products to food distribution companies such as Sysco and directly to buyers in the hospitality industry, including hotel chains, convenience stores and restaurants.

10.

On multiple occasions, Sysco has recognized RMFS as a Bronze or Silver Supplier of the Year.

11.

HWE and Simmons have a profit sharing arrangement with respect to RMFS and split its profits on a 65% - 35% basis after the first $250,000, which goes to HWE.

12.

HWE and Simmons have no agreement for Simmons to share in RMFS's losses should they occur.

13.

Brinker is a company that is a longtime customer of RMFS. I introduced Simmons to Brinker. I have from time to time stated that "we," meaning Simmons and RMFS, own poultry plants because I collaborate with Simmons to develop products that are responsive to RMFS's customers' specifications for poultry items, and Simmons backs RMFS by supplying those goods and sharing in the profits. I don't mean to speak of "own" in the technical sense. I have also from time to time correctly reminded Mr. Staples that he worked for me.

14.

Simmons and HWE do not have a joint venture. Rather, HWE owns all of RMFS. Simmons is not authorized to negotiate or contract in the name of HWE or RMFS, and it has never attempted to do so. Simmons does not control or make decisions for HWE or RMFS. Simmons will offer business advice from time to time, but the business decisions made on behalf of HWE and RMFS are totally under my control.

15.

RMFS is a limited liability company organized and existing under the laws of the state of Delaware formed by HWE in April 2002.

16.

At the time HWE formed RMFS, I did not know the people at Simmons and Simmons did not participate in the formation of RMFS.

17.

Ron Eisenman is the lawyer who represents me and my companies. He does not give instructions to my employees. That is my job.

18.

The purpose of running my companies is to make them more successful and more profitable.

19.

I certainly encouraged Mr. Staples to bring in more business.

20.

I did want DSM3 to develop more business for RMFS through greater sales.

21.

DSM3 was created to be RMFS's new broker effective October 1, 2016 after Randy Sanders withdrew from DSM2.

22.

RMFS is a supplier of food products to various customers, including Sysco.

23.

RMFS has never attempted to divert product lines to the disadvantage of Simmons under its profit sharing arrangement.

24.

HWE and RMFS had no involvement in the ownership of DSM3. RMFS's general manager, Mr. Staples was a consultant to DSM3 and DSM3 acted as RMFS's broker.

25.

With respect to the sale of retail waffles, I never intended to exclude Simmons from that arrangement. In fact, Simmons continues to this day to receive profits from the sale of waffles by RMFS.

26.

I met with Mr. Staples on December 27, 2017 to relieve him from his duties as general manager of RMFS.

27.

At the time, I had lost trust and confidence in Mr. Staples' ability to run the day to day operations of RMFS successfully.

28.

There is a transcript of that meeting which is Exhibit 63 to Mrs. Staples' deposition.

29.

During the course of that meeting, I discussed the terms under which we would pay Mr. Staples as a consultant.

30.

He actively negotiated and agreed to a payment of $255,000 "all in." "All in" meant that Mrs. Staples would surrender her interest in DSM3 and Mr. Staples would receive compensation under a consulting arrangement for one year.

31.

I have reviewed the Affidavit of Kristin Caffey filed in connection with Mr. Staples' motion for summary judgment, Doc. 70-8.

32.

I never said anything "negative, disparaging, derogatory and defamatory" about John Staples.

33.

I did not use the language or state the things Ms. Caffey attributes to me in paragraphs 10 and 11 of her affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 4, 2019.

/s/ Herschel Walker<br>Herschel Walker

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| KIMBERLY and MR. STAPLES,            )<br>                                                              )<br>   Plaintiffs,                                    )<br>                                                              )<br>v.                                                           )<br>                                                              )<br>H. WALKER ENTERPRISES, LLC;    )<br>RENAISSANCE MAN FOOD             )<br>SERVICES, LLC; and SIMMONS     )<br>PREPARED FOODS, INC.,               )<br>                                                              )<br>   Defendants.                                  ) | Civil Action No.:<br>7:18-cv-00160-LSC |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **DECLARATION OF HERSCHEL WALKER** was filed by CM/ECF and served upon counsel of record by electronic notification:

Keri Donald Simms
WEBSTER HENRY FIRM, P.C.
Suite 445 East
Two Perimeter Park South
Birmingham, Alabama 35243
Ksimms@websterhenry.com

Talley R. Parker
JACKSON LEWIS P.C.
500 N. Akard
Suite 2500
Dallas, TX 75201
talley.parker@jacksonlewis.com

Thomas A. Davis
JACKSON LEWIS P.C.
First Commercial Bank Building
800 Shades Creek Parkway, Suite 870
Birmingham, AL 35209
DavisT@jacksonlewis.com

This 4th day of March, 2019.

/s/ Michael J. King
Michael J. King (Pro Hac Vice)
**GREENBERG TRAURIG, LLP**
3333 Piedmont Road NE
Terminus 200, Suite 2500
Atlanta, Georgia 30305
T: (678) 553-2100
F: (678) 553 2212
kingm@gtlaw.com
**Counsel for Defendants
H. Walker Enterprises, LLC &
Renaissance Man Food Services, LLC**

George Walton Walker, III (WAL097)
**THE FINLEY FIRM, P.C.**
P.O. Box 3596 (36831)
611 E Glenn Ave.
Auburn, AL 36830
T: (334) 209-6371
F: (334) 209-6373
gwwalker@thefinleyfirm.com

ACTIVE 41901222v1